```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

JAMES KENT LENAHAN,

              Petitioner,

vs.                               Case No. 2:04-cv-616-FtM-29DNF
                                         Case No. 2:02-cr-57-FtM-29DNF

UNITED STATES OF AMERICA,

              Respondent.
_____/

**OPINION AND ORDER**

     This matter comes before the Court on a Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv.Doc. #1)[1] (the Petition), and a Memorandum of Law in Support of Motion (Cv.Doc. #2), both filed on December 9, 2004.  The government filed its Response in Opposition (Cv.Doc. #9) on February 8, 2005.  Petitioner filed a Reply (Cv.Doc. #12) on March 16, 2005.

**I.**

   On August 27, 2002, Petitioner James Kent Lenahan (Lenahan or petitioner) pled guilty pursuant to a Plea Agreement (Cr.Doc. #29, 33) to Count One and Count Three of an Indictment (Cr.Doc. #12). Count One charged petitioner with possession of fifteen

---

      [1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. To avoid confusion, the Court will refer to the docket of <u>Lenahan v. United States</u>, No. 2-04-cv-616-FtM-29DNF, as "Cv.Doc.", and will refer to <u>United States v. Lenahan</u>, No. 2:02-cr-57-FtM-29DNF, as "Cr.Doc."

specifically identified firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Count Three charged petitioner with possession of a short-barreled shotgun and of a destructive device (i.e., a grenade) which were not registered to petitioner in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5845(a), 5861(d) and 5871.

Under Sentencing Guidelines § 2K2.1(a)(4), petitioner's Base Offense Level was 20 because the offenses involved a firearm described in 26 U.S.C. § 5845(a) or 18 U.S.C. § 921(a)(30). Because the offenses involved eight to twenty-four firearms, four levels were added pursuant to Sentencing Guidelines § 2K2.1(b)(1). Because the offenses involved a destructive device, two additional levels were added pursuant to Sentencing Guidelines § 2K2.1(b)(3). This resulted in an Adjusted Base Offense Level of 26, from which the Court deducted three levels for petitioner's timely acceptance of responsibility. The Total Offense Level of 23, coupled with petitioner's Criminal History Category I, resulted in a Sentencing Guidelines range of 46 to 57 months imprisonment. On December 5, 2002, petitioner was sentenced to 52 months imprisonment, three years supervised release, and a $100 special assessment (Cr.Doc. #39, 40). Petitioner did not file a direct appeal.

Plaintiff asserts that the applicable range under the Sentencing Guidelines must be re-calculated because a portion of the Crime Control Act of 1994 has expired pursuant to a "sunset" provision. Specifically, petitioner contends that because 18

U.S.C. § 921(a)(30) expired effective September 13, 2004, the Court should now recalculate the Sentencing Guidelines range, reducing the base offense level from 20 to 14. Additionally, petitioner asserts that the firearms were part of a family collection possessed prior to enactment of the Crime Control Act of 1994, which precludes enhancement.

## II.

The United States asserts that Lenahan's petition is untimely. Federal prisoners whose convictions become final after April 24, 1996, the effective date of The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), have one year from the latest of any of four events to file a § 2255 motion: (1) the date on which the conviction became final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2255; see also Dodd v. United States, 125 S. Ct. 2478, 2481 (2005); Pruitt v. United States, 274 F.3d 1315, 1317 (11th Cir. 2001). Given petitioner's *pro se* status, the Court will examine all four possibilities.

Because petitioner failed to file a direct appeal, his conviction became final on December 15, 2002, which was ten days after entry of the criminal judgment. Mederos v. United States, 218 F.3d 1252 (11th Cir. 2000). Therefore, petitioner had to file his § 2255 petition by December 15, 2003. Giving petitioner the benefit of the "mailbox rule", Houston v. Lack, 487 U.S. 266 (1988), Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001), the Court will deem his § 2255 petition to have been filed on December 4, 2004, the date petitioner signed the certificate of service in prison. Thus, the § 2255 motion was filed almost a year after the expiration of this prong of the § 2255 statute of limitations.

The second event which may start the statute of limitations is "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed." 28 U.S.C. § 2255. See Dodd v. United States, 365 F.3d 1273, 1281 n.7 (11th Cir. 2004), aff'd on other grounds, 125 S. Ct. 2478 (2005). Petitioner asserts that he comes within this provision because the portion of the statute he now relies upon did not expire until September 13, 2004, and his § 2255 petition was filed within one year of that date. Petitioner's claim clearly does not fall within this provision, however, because there was no governmental action in violation of the Constitution or laws of the United States. Akins v. United States, 204 F.3d 1086, 1090-91 (11th Cir.)(impediment must be unlawful to qualify

-4-

under this provision), cert. denied, 531 U.S. 971 (2000). Congress had the authority to enact a criminal statute which had an expiration date, and reaching the expiration date cannot be construed as the removal of an unlawful impediment within the meaning of this portion of § 2255. Therefore, this provision is not satisfied.

As to the third event, the Eleventh Circuit has summarized the required showing in Garcia v. United States, 278 F.3d 1210, 1212-13 (11th Cir.) cert. denied, 537 U.S. 895 (2002). See also Dodd, 125 S. Ct. 2478. The Supreme Court has not recognized any new right which petitioner is asserting in his § 2255 petition, therefore this portion of the statute does not apply.

The fourth event does not apply because petitioner does not present any newly discovered facts. The expiration of this portion of the statute was built into the statute when it was enacted in 1994. The arrival of the expiration date is not a newly discovered fact.

While not satisfying any portion of the § 2255 statute of limitations, petitioner argues that the statute of limitations should be equitably tolled until September 13, 2004, the effective date of the statutory expiration. (Cv.Doc. #12, pp. 4-5).[2] Equitable tolling applies to the statute of limitations set forth

---

[2] Petitioner makes no argument showing how this would relate to his second claim concerning possession of the firearms as part of a collection.

in § 2255. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999). It is well-established that equitable tolling only applies where petitioner shows that the motion was untimely because of extraordinary circumstances that are both beyond petitioner's control and unavoidable even with due diligence. Id. at 1271; Dodd, 365 F.3d at 1282-83; Johnson v. United States, 340 F.3d 1219, 1226-28 (11th Cir. 2003), aff'd, 125 S. Ct. 1571 (2005); Jones v. United States, 304 F.3d 1035, 1039-40 (11th Cir. 2002), cert. denied, 538 U.S. 947 (2003); Akins, 204 F.3d at 1089. "We have emphasized, however, that equitable tolling applies only in truly extraordinary circumstances. Appellant bears the burden of establishing that he is entitled to this extraordinary relief." Johnson, 340 F.3d at 1226 (citations omitted). The fact that the statute was against petitioner's position at the time of sentencing, and has now expired, would not justify equitable tolling.

Because Petitioner did not file his § 2255 Motion within one year of any of the four events set forth in §2255, and has not shown any equitable reason to toll the limitations period, his § 2255 Motion is untimely and is therefore time barred.

**III.**

Additionally, the government argues that the Sentencing Guidelines claims raised in the § 2255 petition are not cognizable in a § 2255 proceeding or, if cognizable, were waived by petitioner. The Court agrees with both positions.

Cognizability is a threshold inquiry in a § 2255 proceeding. <u>Lynn v. United States</u>, 365 F.3d 1225, 1233 (11th Cir. 2004), <u>cert. denied</u>, 125 S. Ct. 167 (2004). "Because a defendant has the right to directly appeal a sentence pursuant to the Sentencing Guidelines, the defendant is precluded from raising Guidelines issues in collateral proceedings under § 2255." <u>Martin v. United States</u>, 81 F.3d 1083, 1084 (11th Cir. 1996). The alleged errors concerning the base offense level enhancement does not constitute a fundamental defect which inherently results in a complete miscarriage of justice or is inconsistent with the rudimentary demands of fair procedure. <u>Burke v. United States</u>, 152 F.3d 1329, 1331 (11th Cir. 1998), <u>cert. denied</u>, 526 U.S. 1145 (1999). Therefore, the claims are not cognizable in a § 2255 proceeding.

Even if this claim was cognizable, petitioner has procedurally defaulted the claims. It is well settled that a motion under § 2255 is an extraordinary remedy and will not be allowed to substitute for a direct appeal. <u>Bousley v. United States</u>, 523 U.S. 614, 621 (1998); <u>Lynn</u>, 365 F.3d at 1232. This is because "[o]nce a defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to a federal forum." <u>United States v. Frady</u>, 456 U.S. 152, 164 (1982). Generally a defendant must assert an available issue on direct appeal or be procedurally barred from raising the issue in a § 2255 proceeding. <u>United States v.</u>

Montano, 381 F.3d 1265, 1268 (11th Cir. 2004), reh'g granted in part, and denied in part, and substituted opinion issued, 398 F.3d 1276 (2005)(substituted opinion remedied incorrect references to state prisoners, and rehearing petition in all other respects was denied); Lynn, 365 F.3d at 1232, 1234; McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001), cert. denied, 536 U.S. 906 (2002); Greene v. United States, 880 F.2d 1299, 1305 (11th Cir. 1989), cert. denied 494 U.S. 1018 (1990).  "This rule generally applies to all claims, including constitutional claims." Lynn, 365 F.3d at 1234.  An issue is "available" on direct appeal when its merits can be reviewed without further factual development. Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994), cert. denied, 514 U.S. 1112 (1995).

Here, the claims were available on direct appeal, since a criminal defendant can appeal the sentence imposed under the Sentencing Guidelines.  Martin, 81 F.3d at 1084; Montemoino v. United States, 68 F.3d 416, 417 (11th Cir. 1995).  Petitioner failed to file a direct appeal, and therefore is barred from review under § 2255 unless an exception is established.  Martin, 81 F.3d at 1084, Montemoino, 68 F.3d at 417.

An issue which could have been raised on direct appeal but was not will be considered in a § 2255 proceeding only if petitioner establishes one of the two exceptions to the procedural default rule.  Lynn, 365 F.3d at 1234-35.  First, a petitioner may show cause for not raising the issue on direct appeal and actual

-8-

prejudice from the alleged error. Second, petitioner may establish actual innocence. <u>Bousley</u>, 523 U.S. at 622; <u>Frady</u>, 456 U.S. at 167-68; <u>Montano</u>, 381 F.3d at 1268; <u>Lynn</u>, 365 F.3d at 1234-35; <u>Mills</u>, 36 F.3d at 1055.

Cause for a procedural default may be established if petitioner can show that some objective factor external to the defense impeded petitioner or counsel from raising the issue on direct appeal, or that the performance of petitioner's attorney failed to meet the <u>Strickland</u>[3] standard for effective assistance of counsel. <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986); <u>Lynn</u>, 365 F.3d at 1235; <u>Reece v. United States</u>, 119 F.3d 1462, 1465 (11th Cir. 1997). To establish actual innocence, petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted petitioner. This means factual innocence, not mere legal insufficiency, <u>Bousley</u>, 523 U.S. at 623-24; <u>Lynn</u>, 365 F.3d at 1235 n.18, and requires clear and convincing evidence. <u>Reece</u>, 119 F.3d at 1465 n.5. In the sentencing context, this means petitioner must show that no reasonable judge would have found the Sentencing Guideline provision applicable, or inapplicable as the case may be, to petitioner. A showing of actual innocence merely lifts the bar and allows consideration of the otherwise defaulted claim. <u>Montano</u>, 381 F.3d at 1273.

---

[3]<u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

-9-

Here, petitioner has not shown either cause or prejudice, actual innocence of the enhancement, or ineffective assistance of counsel as to the defaulted claim. An independent review of the record establishes that neither exception has been satisfied, and that no ineffective assistance of counsel has been asserted or established. Accordingly, the claim are procedurally defaulted.

Finally, the Court finds that the appeal waiver was clearly knowing and voluntary under United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993), cert. denied, 513 U.S. 1051 (1994), and its progeny. The magistrate judge specifically reviewed this provision of the Plea Agreement with petitioner during the guilty plea colloquy, and determined that it was knowingly and voluntarily entered. (Doc. #36, pp. 16-17). Contrary to petitioner's argument, the base offense level calculation is not an upward departure, and is therefore not within the exception to the waiver provision. Therefore, the waiver is proper and effective, and precludes a collateral challenge. United States v. Grinard-Henry, 399 F.3d 1294, 1296 (11th Cir.), cert. denied, 125 S. Ct. 2279 (2005).

**IV.**

Alternatively, petitioner's legal arguments are without merit. The expiration of § 921(a)(30), even if applied to this case, does not affect the calculation of the Sentencing Guidelines range.

On September 13, 1994, Congress passes the Violent Crime Control and Law Enforcement Act of 1994 (the Violent Crime Control

Act), which amended and expanded various statutory and regulatory provisions relating to the manufacture, distribution and possession of certain weapons. Included in the Act was a ban on the manufacture, transfer or possession of semiautomatic assault weapons. 18 U.S.C. §§ 922(v)(1, 922(w)(1). This prohibition was not dependent upon whether the person was a previously convicted felon. "Semiautomatic assault weapons" were defined in § 921(a)(30) as one of nine specific firearms listed in § 921(a)(30)(A) or as a semiautomatic rifle that meets two or more of certain proscribed characteristics listed in § 921(a)(30)(B). See United States v. Jamison, 202 F.3d 1293, 1296 (11th Cir. 2000). As it relates to semiautomatic assault weapons, the statutory provisions were to expire on September 13, 2004, if not renewed by Congress. These provisions have not been so renewed.

Count One charged that petitioner, having previously been convicted of four felony offenses, "did knowingly possess in and affecting commerce a firearm, namely . . ." fifteen specifically identified firearms, in violation of 18 U.S.C. § 922(g)(1). The term "firearm" means "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm." 18 U.S.C. § 921(a)(3). Count Three charged that petitioner "did knowingly possess a firearm, as

defined by Section 5845(a), Title 26, United States Code." Count Three then described the two "firearms" as (1) "a weapon made from a 12 gauge shotgun . . . with a barrel measuring approximately 13-1/2 inches in length, with an overall length of approximately 25-1/2 inches," and (2) "a destructive device, that is, a grenade." (Cr.Doc. #12, p.3). Count Two, which was dismissed pursuant to the Plea Agreement, charged that petitioner possessed a Sten Mark II sub-machinegun.

The Presentence Report found that laboratory analysis determined that the short-barreled (sawed-off) shotgun, the Sten Mark II sub-machine gun, and the hand grenade were "firearms" within the meaning of 26 U.S.C. § 5845[4] (Presentence Report, p. 3

---

[4]Section 5845(a) defines a "firearm" as follows:

(1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16 inches in length; (4) a weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length; (5) any other weapon, as defined in subsection (e); (6) a machinegun; (7) any silencer (as defined in section 921 of title 18, United States Code); and (8) a destructive device. The term "firearm" shall not include an antique firearm or any device (other than a machinegun or destructive device) which, although designed as a weapon, the Secretary finds by reason of the date of its manufacture, value, design, and other characteristics is primarily a collector's item and is not likely to be used as a weapon.

28 U.S.C. § 5845(a).

¶ 14), and that the hand grenade was also a destructive device as defined in 26 U.S.C. § 5845(f).  (Id. at ¶ 15).  The Presentence Report grouped the counts together for Sentencing Guidelines purposes. (Id. at ¶ 23) and found petitioner accountable for the fifteen firearms, the short-barreled shotgun, the Sten Mark II sub-machine gun (relevant conduct), and the hand grenade.  (Id. at ¶¶ 24-25).  Under Sentencing Guidelines § 2K2.1, a convicted felon who possesses a firearm has a Base Offense Level of 14.  Sentencing Guidelines, § 2K2.1(a)(6).  However, a convicted felon who possesses "a firearm described in 26 U.S.C. § 5845(a) or 18 U.S.C. § 921(a)(30)" has an enhanced Base Offense Level of 20.  Sentencing Guidelines, § 2K2.1(a)(4)(B).  The Presentence Report found petitioner possessed three "firearms" as defined by § 5845(a) (Id. at ¶ 14), and made no finding that petitioner possessed any "firearm" within the meaning of § 921(a)(30).[5]  Since no § 921(a)(30) firearm was considered in connection with the base offense level, and since it is clear that the short barrel shotgun and the grenade charged in Count Three are "firearms" under § 5845(a), petitioner still qualified for an enhancement under § 2K2.1(a)(4)(B).  Thus the expiration of § 921(a)(30) does not affect the calculation of the Sentencing Guidelines range, even if

---

[5] Petitioner's assertion that the Presentence Report found the offenses involved firearms within the meaning of § 921(a)(30) (Doc. #2, p. 3) is incorrect.  The Presentence Report found the offense involved firearms within the meaning of § 5845(a).

the Court were to retroactively exclude any § 921(a)(30) firearm from consideration.

Additionally, the courts which have considered the issue have held that the expiration of the semiautomatic assault weapon ban does not retroactively impact the Sentencing Guidelines calculation. <u>United States v. Ray</u>, 411 F.3d 900, 905-06 (8th Cir. 2005)(citing cases); <u>United States v. Whitehead</u>, 425 F.3d 870, 871-72 (10th Cir. 2005).

Petitioner's argument that there could be no enhanced base offense level because the guns were part of a collection from prior to 1994 is also without merit. Petitioner has been a convicted felon since 1978, and has not had his right to possess firearms restored. Such a convicted felon does not have a right to possess any non-antique firearm, regardless of when it was manufactured or when he acquired it. The expiration of the ban on semiautomatic assault weapons does not allow convicted felons to possess such weapons.

Accordingly, it is now

**ORDERED**:

1. The Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Cv.Doc. #1) is **DENIED**.

2.  The Clerk of the Court shall enter judgment accordingly and close the civil file.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of November, 2005.

_____
JOHN E. STEELE
United States District Judge

Copies:
James Kent Lenahan
Counsel of Record